IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Charlotte Horst, et al., | ) |
| | ) **ORDER AND REPORT AND** |
| Plaintiffs, | ) **RECOMMENDATION** |
| | ) |
| vs. | ) |
| | ) |
| Abused Adult Resource Center, | ) Case No. 1:19-cv-243 |
| et al., | ) |
| | ) |
| Defendants. | ) |

The plaintiff, Charlotte Horst, initiated the above-entitled action pro se on November 6, 2019, with the submission of a motion for leave to proceed in forma pauperis, a twenty-six page complaint, a twenty-six page appendix, a ten-page affidavit, and a proposed motion for a temporary restraining order and preliminary injunction. Judge Hovland has referred this matter to the Magistrate Judge for preliminary consideration. For the reason set forth below, I am granting Horst's motion to proceed in forma pauperis and recommending that the Court dismiss this action.

I.   **BACKGROUND**

Horst is endeavoring to sue the Abused Adult Resource Center ("AARC") along with its past and present directors, staff, advocates, legal counsel, and the estate one of its former "house managers" on her own behalf as well as on behalf of her minor children pursuant to: 28 U.S.C. §§ 1331 and 1343; 42 U.S.C. §§ 1981, 1983, 1985, and 1986; 52 U.S.C. § 10101; and/or the Fifteenth, Nineteenth, and Twenty Sixth Amendments of the United States Constitution. She claims that the AARC and its staff and/or advocates: wrongfully evicted her from its shelter program for victims of domestic violence in April 2016 and thereafter conspired with a local homeless shelter to deny her services; forced her into slavery and human trafficking; declined her October 29, 2019,

1

request for assistance in obtaining a protective order; committed malpractice when advising her what services it could provide to whom; denied her equal protection of the law and access to courts by refusing her its services; and tampered with witnesses in a homicide investigation. Additionally, she accuses the AARC of tax evasion, fraud, violating its own charter and bylaws, degrading its clientele, and instituting policies that endanger its clientele. Finally, she claims that she has been subjected to privacy violations, threats of assault and battery, false imprisonment, and emotional distress because of defendant's actions. Although not entirely clear, it appears that she is seeking: an order from the court that delineates how and to whom the AARC must provide its services; access to AARC's services now and in the future; financial compensation for "personal property [she] is not able to hold or convey as the Defendants' superior race;" and punitive damages.

## II. DISCUSSION

### A. Motion to Proceed in Forma Pauperis

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the court may authorize the commencement of a suit without prepayment of fees by a person submitting a financial affidavit evincing an inability to pay. See 28 U.S.C. § 1915(a)(1).

Horst has met the burden of showing that she is financially unable to pay the filing fee. Accordingly, Horst's motion to proceed *in forma pauperis* (Doc. No. 1) is **GRANTED** and her civil filing fee is waived. The Clerk's office shall file her Complaint with attachments/supplemental materials.

**B.     1915(e)(2) screening of Horst's Complaint**

**1.     Governing Law**

Notwithstanding any paid filing fee, 28 U.S.C. § 1915(e)(2) provides "the court shall dismiss the case at any time if the court determines that . . . the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  This § 1915(e)(2) screening, and the authority to dismiss claims arising thereunder, includes non-prisoner *pro se* complaints.  Key v. Does, 217 F. Supp. 3d 1006, 1007 (W.D. Ark. 2016).  With regard to frivolousness under § 1915(e)(2)(i), "the Supreme Court explained that an action is frivolous if 'it lacks an arguable basis either in law or in fact.'"  Aziz v. Burrows, 976 F.2d 1158, 1159 (8th Cir. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).  "An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right."  Williamson v. Corizon, Inc., No. 1:15CV220, 2016 WL 5933982 at *1 (E.D. Mo. October 12, 2016).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678-84 (2009) ("Iqbal").

In applying § 1915(e)(2), the court must give the *pro se* complaint the benefit of a liberal construction.  See, e.g., Federal Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008); Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.") (internal quotation marks omitted)).  This does not mean,

however, that the *pro se* litigant is excused from satisfying the plausibility standard established in Twombly and further amplified by the Supreme Court in Iqbal. See Story v. Foote, 782 F.3d 968, 969 (8th Cir. 2015).

## 2. Claims Asserted by Horst on Behalf of her Children

Horst initiated the above entitled action pro se on her own behalf and on behalf of her minor children. She is not licensed to practice law in this district. This is significant as it is well-settled that a non-attorney parent may not generally litigate their children's claims in federal court. See Hendrixson in Interest of S.H. v. Tidball, No. 4:20-CV-49 RLW, 2020 WL 409119, at *2 (E.D. Mo. Jan. 24, 2020) (opining that a non-attorney plaintiff could not represent her child's interest in federal court as a pro se litigant); Crozier v. Westside Cmty. Sch. Dist., No. 8:18CV438, 2018 WL 5298744, at *3 (D. Neb. Oct. 25, 2018) (opining that "a pro se party may not represent others, even when it is a parent purporting to represent his minor children"); see also Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se defendants from pursuing claims on behalf of others in a representative capacity."); Myers v. Loudoun Cty. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005) (holding that non-lawyer parent had no right to represent minor child); Navin v. Parkridge Sch. Dist. 64, 270 F.3d 1147, 1149 (7th Cir. 2001) (same); Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002) ("[P]arents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."); Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59 (2d Cir. 1990) (opining that " a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.").

This court "has the inherent authority to manage judicial proceedings and to regulate the

conduct of those appearing before it." Ramirez v T&H Lemont, Inc., 845 F.3d 772, 776 (7th Cir. 2016). Horst is not an attorney licensed to practice before this court. Consequently, the court, in exercise of its authority, should not permit Horst to proceed against defendants on behalf of her children. Rather, it should dismiss without prejudice the claims Horst is endeavoring to assert on her children's behalf. See Buckley v. Dowdle, No. 08-1005, 2009 WL 750122, at *1 (8th Cir. Mar. 24, 2009) (affirming dismissal of a pro se complaint filed on behalf of plaintiff's minor daughter); see also Crozier v. Westside Cmty. Sch. Dist., No. 8:18CV438, 2018 WL 5298744, at *3 (D. Neb. Oct. 25, 2018) (dismissing an action filed by non-attorney plaintiffs on behalf of their child without prejudice for lack of standing on initial review); Barfield v. Sheriff of Lancaster County, No. 8:09CV121, 2009 WL 1507665, at * 1 (D. Neb. May 27, 2009) (same).

### 3. Horst's Claims

In her civil rights claim under 42 U.S.C. § 1983, Horst asserts that defendants have violated her constitutional rights. Additionally, she asserts civil rights claims under 42 U.S.C. §§ 1981, 1985, and 1986. She also appears to be asserting a voter's rights claims pursuant to 52 U.S.C. § 10101 along with the Nineteenth and Twenty-Fifth Amendments to the United States Constitution. Finally, she asserts a number of state law tort claims, i.e., false arrest, intentional infliction of emotion distress, public nuisance, and fraud.

#### a. § 1981

Section 1981 creates a federal cause of action for individuals claiming intentional race discrimination. Specifically, it provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State ... to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons

and property as is enjoyed by white citizens...." 42 U.S.C. 1981(a). To establish a claim under § 1981, a plaintiff must show that (1) she is a member of a protected class; (2) defendants intended to discriminate against her based upon his membership in the protected class; and (3) the discrimination concerned one or more of the activities enumerated in § 1981. Brown v. City of Oneonta, 221 F.3d 329, 339 (2d Cir. 2000).

Horst's pleadings are utterly devoid of any allegation that she was discriminated against on the basis of race much less that defendants were personally involved in it. Consequently, she has failed to state a § 1981 claim for which relief may be granted.

### b. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must normally allege a violation of a right secured by the Constitution or the laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997). Horst has not alleged, nor is it apparent, that defendants can be considered "state actors" for purposes of § 1983. Consequently, she cannot maintain claims against defendants under the guise of a § 1983 action.

### c. § 1985

The elements of a claim under 42 U.S.C. § 1985(3) are "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, ... (3) an act in furtherance of a conspiracy; (4) whereby a person is ... deprived of any right of a citizen of the United States." Brown, 221 F.3d at 341 (citation and internal quotation marks omitted). The "conspiracy must also be motivated by some racial or perhaps otherwise class based animus behind the conspirators' action." Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d

6

1085, 1088 (2d Cir. 1993) (per curiam) (citation and internal quotation marks omitted).

Horst's allegations regarding a conspiracy amongst defendants are vague and conclusory. The law is clear that conclusory, vague, or general allegations of conspiracy are not enough to sustain a claim under § 1985. See Leon v. Murphy, 988 F.2d 303, 311 (2d Cir. 1993). Consequently, her § 1985 claim is subject to dismissal for failure to state cognizable claim.

### d. § 1986

Section 1986 provides that persons with "knowledge of any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured ... for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented...." 42 U.S.C. § 1986. Absent a demonstrable violation of § 1985, there can be no violation of § 1986. As discussed above, Horst has not asserted a cognizable § 1985 claim. Her § 1986 claim therefore falls by the wayside.

### e. 52 U.S.C. § 10101; 19th and 25th Amendments to the United States Constitution

The Nineteenth Amendment prohibits the states and federal government from denying women the right to vote. The Twenty-Fifth Amendment prohibits the states and the federal government from using age to deny citizens who are eighteen years of age or older the right to vote. Section § 10101 addresses voting rights. It provides in relevant part following:

> No person, whether acting under color of law or otherwise, shall intimidate, threaten, coerce, or attempt to intimidate, threaten, or coerce any other person for the purpose of interfering with the right of such other person to vote or to vote as he may choose, or of causing such other person to vote for, or not to vote for, any candidate for the office of President, Vice President, presidential elector, Member of the Senate, or Member of the House of Representatives, Delegates or Commissioners from the Territories or possessions, at any general, special, or primary election held solely or

7

in part for the purpose of selecting or electing any such candidate.

52 U.S.C. § 10101(b).

To be blunt, Horst's stated basis for her § 10101 claim is nonsensical. In her complaint she asserts:

> 28 U.S.C. 1343, 42 U.S.C. 1985, 52 U.S.C. 10101, Amendment XV Section 1, Amendment XXVI Section 1, Amendment IXI: Conspiring by force, intimidation, and threat of the Plaintiff and as against the class, to prevent the unrepresented class of non-emancipated persons not under the emancipation protections of any other individual in parental rights and responsibilities entitled to protections of Amendment XI Section 1 protecting the right to vote from being disparaged on the basis of forced servitude and slavery as a minor proceeds to be emancipated from under the care of a legal guardian or parent prior to the precedent of the age of majority in Amendment XXVI Section 1 under conditions of forced servitude of being of the age of consent, from giving support of advocacy in a legal manner of the right to vote and toward or in any favor of any election.

(Doc. No. 1-2) (errors in original). As her complaint is clearly devoid of any suggestion that defendants are presently or have in the past interfered with her right to vote through coercion or threat, her § 10101 claim can be dismissed for failure to state a claim or, in the alternative, as frivolous.

A claim may be deemed frivolous when "it lacks an arguable basis either in law or in fact." Aziz v. Burrows, 976 F.2d 1158, 1159. A claim may also be deemed frivolous if based lacks an arguable basis either in law or in fact, is based on in indisputably meritless legal theory, or when no reasonable person could suppose it to have any merit. See Denton v. Hernandez, 504 U.S. 31, 32 (1989); Neitzke v. Williams, 490 U.S. 319, 327 (1989); Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000).

All three aspects of frivolity arguably are applicable here. However, the third aspect is the most obvious. Reading the complaint as a whole, it is apparent that Horst is in a rather twisted fashion attempting to hold defendants liable for adverse rulings in state domestic relations and/or criminal matters to which she was party. In so doing, she makes assertions that rise to the level of

the "irrational" and "wholly incredible."

### f. State Law Claims

Upon the dismissal of Horst's federal claims, the Court no longer has original jurisdiction over her state law claims and the provisions of 28 U.S.C. § 1367(c) apply.

Under 28 U.S.C. § 1367 (a), the court has supplemental jurisdiction over state law claims for which there is not original jurisdiction if the claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Under subsection (c) of § 1367, however, the court may decline to exercise supplemental jurisdiction over a state law claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Dismissal of Horst's federal civil rights claims leaves this case without a federal question upon which to base federal court jurisdiction. This begs the question of whether or not the court should, in its discretion, to continue to exercise its supplemental jurisdiction over Horst's remaining non-federal claims. See Crawford v. F. Hoffman–La Roche Ltd., 267 F.3d 760, 764 n. 2 (8th Cir. 2001) (citing Andrus v. Charlestone Stone Products Co., 436 U.S. 604, 608 n. 6 (1978), for the proposition that federal courts are obligated to raise the issue of subject-matter jurisdiction sua sponte).

The decision of whether to retain jurisdiction over state law claims upon the dismissal of the federal claims is left to the broad discretion of the Court. See Carlsbad Technology, Inc., v. HIF BIO, Inc., 129 S. Ct. 1862, 1866 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350-52 (1988). There is a "strong presumption" against the exercise of supplemental jurisdiction once all federal claims have been dismissed, Packard v. Farmers Inc. Co. of Columbus, 423 Fed. App'x 580, 584 (6th Cir. 2011), and although not mandatory or absolute, the general rule is to decline to exercise jurisdiction over supplemental state law claims when all federal claims are eliminated from a case before trial. Moon v. Harrison Piping Supply, 465 F.3d 719, 728 (6th Cir. 2006).

In considering whether to exercise supplemental jurisdiction over state law claims, the Court must consider the provisions of Section 1367(c) and the factors the United States Supreme Court outlined in Cohill, 484 U.S. at 350-51, and United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). These factors include judicial economy, convenience, fairness, and comity. Cohill, 484 U.S. at 350. In the instant action, the balance of factors weighs in favor of dismissal of Horst's state law claims without prejudice. Consequently, the court in its discretion can and should dismiss Horst's state law claims.

### III.     CONCLUSION AND RECOMMENDATION

Horst's motion to proceed in forma pauperis (Doc. No. 1) is **GRANTED**. The Clerk's Office shall file Horst's Complaint along with the attachments/supplemental materials. However, for the reasons expressed above and pursuant to the initial screening allowed for under 28 U.S.C. § 1915(e)(2), I **RECOMMEND** that the above action be **DISMISSED.**

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

Horst shall have until April 13, 2020, to file objections to this Report and Recommendation. See D.N.D. Civil L.R. 72.1(D)(3). Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 26th day of March, 2020.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court